## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

LAWANDA JORDAN, individually,　　　)
and as mother and next of kin of　　　)
PAUL TURNER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
OFFICER JOHN DOE 1　　　　　　　)
and OFFICER JOHN DOE 2,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)

FILED: APRIL 10, 2008
08CV2043                AEE
JUDGE MANNING
MAGISTRATE JUDGE MASON

Case No.

Judge _____

Magistrate _____

### COMPLAINT

The Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor (hereinafter referred to as "JORDAN"), and for their complaint against the Defendants, OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2, state:

1.     This action is brought for damages sustained by JORDON and TURNER by reason of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2's violation of their civil rights under 42 U.S.C. Section 1983, as amended by the Civil Rights Act of 1991.

2.     JORDAN is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     TURNER is a citizen of the United States and is a resident of the Northern District of Illinois.

4.     OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 are now, and at all times relevant hereto were duly appointed, employed and acting as police officers for the

City of Chicago, County of Cook, Municipal Corporation and a governmental

subdivision of the State of Illinois. At all times relevant hereto, JOHN DOE 1 and JOHN

DOE 2 were police officers assigned to the Eighth District at 63rd and St. Louis in the

City of Chicago and residents of the City of Chicago and the County of Cook.

5.    This Court has jurisdiction pursuant to 28 U.S.C. Section 1343 and 1331.

6.    Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b) since OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 reside in this judicial district and a substantial part of the events giving rise to JORDAN and TURNER's claims occurred in this district.

7.    Each and all acts of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 alleged herein were done by them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago and the County of Cook and under the authority of their office as police officers for said city and county.

8.    On December 11, 2007, at approximately 7:00 p.m., JORDAN returned to her home at 5429 South Kilborn, 2nd Floor, Chicago, Illinois. At the time, JORDAN was living there with her son, TURNER, her daughter, Princess, and her niece, Marzetta Roach.

9.    TURNER went to school on that date and returned home at approximately 2:45 p.m.

10.    At approximately 12:15 a.m., various police officers, including OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2, came to JORDAN's apartment building.

2

When the landlord answered, OFFICER JOHN DOE 1 stated "Do you have any niggers in the building?" and indicated that they were looking for a young black male since they were investigating a shooting that allegedly occurred thirty-five (35) blocks from where JORDAN and TURNER lived.

11.    When the landlord said that there was a black family living upstairs, OFFICER JOHN DOE 1 then pushed pass the landlord and went upstairs along with nine (9) other police officers without a warrant.

12.    The officers, including OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2, started pounding on JORDAN's front door and telling her to open the door.

13.    JORDON then came to the door, unlocked the bottom lock of the door and one of the officers tried to come in but she kept her foot on the bottom of the door.

14.    OFFICER JOHN DOE 1 then asked JORDAN where her son was and she replied that he was sleeping. OFFICER JOHN DOE 1 then replied that the "black bitch is lying".

15.    Marzetta Roach then went to TURNER's bedroom and woke him up. As TURNER came to the door, several officers asked him about his whereabouts for the day. TURNER told them that he was at school and when he returned home, he stayed inside the house and did not go out for the rest of the day.

16.    OFFICER JOHN DOE 1 told TURNER, "Don't get cute with me, boy. Where have you been?" JORDAN told JOHN DOE 1, "His name is not "boy", his name is Paul."

3

17.     OFFICER JOHN DOE 1 called him a liar and told him to get his green pants and green shirt on because he was going to jail right now for murder.

18.     JORDAN then asked OFFICER JOHN DOE 1 why the police were there. OFFICER JOHN DOE 1 told JORDAN that she could bring her "mother fucking ass" down to the station if she wanted any answers. JORDAN told the officer that TURNER did not own a green shirt or green pants.

19.     After TURNER told the officers that he would not leave the home, JORDAN told them the same thing. OFFICER JOHN DOE 1 then called her "a lying bitch" and that he was going to drag her down the stairs. When JORDAN asked OFFICER JOHN DOE 1 if he had a warrant, he did not reply. JORDAN then told the officers, "You will need a warrant to speak to me or my son, Paul, any further." OFFICER JOHN DOE 1 then said, "Oh, you want a warrant, you can rest assured that I will be back with a warrant for his arrest because he is going to jail for murder!"

20.     One of the officers then brought in an unknown male Hispanic in the hallway on the second landing and asked if he could identify TURNER.

21.     The Hispanic told the officers that TURNER was a younger boy and that the person involved in the incident was an older teenager and that TURNER was not the person. The Hispanic was then escorted from the building.

22.     The officers then left the building and TURNER and JORDAN followed them outside. JORDAN asked several officers who were standing outside for their names and badge numbers but they ignored her and walked to their cars. OFFICER JOHN DOE

1 and OFFICER JOHN DOE 2 covered their badge numbers and names in response to

JORDAN's inquiry.

23.    At no time while JORDAN and TURNER were in the presence of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 did they resist cooperating or exert any type of force against OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2.

24.    As a direct and proximate result of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2's conduct, JORDAN and TURNER suffered great pain and anguish and will so suffer injuries and JORDAN was impaired in her capacity to earn.

25.    The conduct of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 deprived JORDAN and TURNER of their rights, privileges and immunities secured to them by the constitution of the United States, including their right to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the Constitution of the United States.

26.    The acts, conduct and behavior of OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 were performed knowingly, intentionally and maliciously by reason of which JORDAN and TURNER are entitled to damages under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor, request that this Court enter judgment in their favor and against the Defendants, OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 as follows:

a.    Awarding them compensatory damages in an amount in excess of $75,000.00;

b.    Awarding them punitive damages in an amount to be determined at trial;

c.    Awarding them costs, including attorney's fees incurred in connection with this action; and

d.    Awarding them such other relief as this Court may deem appropriate.

THE PLAINTIFFS DEMAND TRIAL BY JURY.


Respectfully submitted,


_____s/ Joel F. Handler_____
JOEL F. HANDLER (#1115812)
55 W. Wacker Drive, St. 950
Chicago, Illinois  60601
(312) 621-0008

Attorney for the Plaintiffs,
LAWANDA JORDAN, individually and
as mother and next of kin of
PAUL TURNER, a minor