IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWANDA JORDAN, individually, and as mother and next of kin of PAUL TURNER, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 2043 |
| v. | ) ) | Judge Blanche Manning |
| OFFICER JAMES BLASZCZYK, Star # 18816 | ) ) ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

### DEFENDANT OFFICER JAMES BLASZCZYK'S
### MEMORANDUM IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS

Defendant Officer James Blaszczyk, ("Officer Blaszczyk") by and through his attorney, Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago, moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Lawanda Jordan's ("Jordan") Amended Complaint.[1] In the Amended Complaint, Jordan alleges that Officer Blaszczyk violated both her and her minor son's constitutionally guaranteed rights. Officer Blaszczyk moves this Court to dismiss Jordan's Amended Complaint on the grounds that it fails to allege any facts, which if found to be true, would entitle her to relief.

### PLAINTIFFS' ALLEGATION

Lawanda Jordan is the mother of Paul Turner ("Turner"), a minor. (Amnd. Compl. ¶ 8.) At all times relevant, Jordan and Turner resided together in a 2nd Floor apartment at 5429 S. Kilborn, Chicago IL. Id. ¶¶ 8, 10. Officer Blaszczyk is a police officer for the City of Chicago, appointed to the Eighth District. Id. ¶ 6.

---

[1] Lawanda Jordan has filed her Amended Complaint individually and on behalf of her son, Paul Turner. For purposes of this motion Lawanda Jordan and Paul Turner are referred to collectively as "Jordan."

According to the Amended Complaint, Officer Blaszczyk and other unidentified police officers arrived at Jordan and Turner's apartment building at 12:15 on the morning of December 11, 2007. *Id.* ¶ 10. According to the allegations of the Amended Complaint, when "the landlord answered, Blaszczyk stated '[d]o you have any niggers in the building?' and indicated that he was looking for a young black man since they were investigating a shooting . . ." *Id.* The landlord responded by telling the officers "there was a black family living upstairs." *Id.* ¶ 11. The Amended Complaint goes on to allege that Officer Blaszczyk then "pushed pass the landlord and went upstairs along with other officers without a warrant." *Id.* ¶¶ 11, 12.

Once at the front door of Jordan's apartment, the officers "started pounding on the front door and telling her to open the door." *Id.* ¶ 12. When Jordan answered, one of the officers allegedly "tried to come in but [Jordan] kept her foot on the bottom of the door." *Id.* ¶ 13. The Amended Complaint does not allege that Officer Blaszczyk or any other officer ever entered Jordan's apartment.

At the door Officer Blaszczyk inquired about Turner, and eventually, Turner came to the door. *Id.* ¶ 15. At the door, several officers asked Turner about his whereabouts earlier that day. *Id.* The Amended Complaint goes on to allege that after Turner informed the officers of his whereabouts, Officer Blaszczyk called Turner a "boy" and told Turner not to "get cute with [Blaszczyk]." *Id.* ¶16. Allegedly, Officer Blaszczyk then "called [Turner] a liar and told him to 'get his green pants and green shirt on because he was going to jail right now for murder.'" *Id.* ¶¶ 16, 17. Both Turner and Jordan then told Officer Blaszczyk that Turner "would not leave home." *Id.* ¶ 19. The Amended Complaint makes no allegation that Officer Blaszczyk attempted to physically remove Turner from the apartment or that Turner left the apartment at anytime during the exchange.

After Turner and Jordan told Officer Blaszczyk that Turner would not lead the home, the

Amended Complaint alleges that Officer Blaszczyk proceeded called Jordan a "lying bitch" and told her that he was going to "drag her down the stairs." *Id.* ¶ 19. Jordan then asked Officer Blaszczyk if he had a warrant. Officer Blaszczyk did not reply. *Id.* Jordan proceeded to tell the officers that they "'would need a warrant to speak to [Jordan] or [Turner] any further.'" *Id.* Officer Blaszczyk responded by saying "'[o]h, you want a warrant, you can rests assured that I will be back with a warrant...'" *Id.*

At this time another officer brought an unidentified Hispanic male into the hallway. *Id.* ¶ 20. The officer asked the unknown male if he could identify Turner. *Id.* The male told the officer that Turner was not the individual they were looking for. *Id.* Officer Blaszczyk, the unknown Hispanic male, and the rest of the officers then left the apartment building. *Id.* ¶¶ 21, 22.

Jordan claims that the alleged conduct of Officer Blaszczyk deprived her and her son of "their ... right to be secure in their persons and effects against unreasonable searches and seizures." *Id.* ¶ 25. Jordan further alleges, "as a direct and proximate result of Officer Blaszczyk's conduct, Jordan and Turner suffered great pain and anguish and will so suffer injuries and Jordan was impaired in her capacity to earn." *Id.* ¶ 24.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the court must accept all well-pled factual allegations as true as well as any inferences reasonably drawn from them. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). However, to survive a motion to dismiss under Rule 12(b)(6), an Amended Complaint must meet two requirements. *Vulcan Golf, LLC v. Google Inc.*, 552 F.Supp.2d 752, 761 (N.D.Ill., 2008) (setting for the 7th Circuit's post *Twombly* standard for a Rule 12(b)(6) motion). *See also E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618-19 (7th Cir. 2007). First, a complaint must provide sufficient detail to place the defendant

on notice of the claims against it and the grounds upon which those claims rest. *Vulcan*, 552 F.Supp.2d at 761 (citing *Bell Atlantic*, 127 S.Ct. at 1964 (2007).) Second, the allegations contained in an Amended Complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *Vulcan* at 761 (quoting *Bell Atlantic* at 1965, 1973.).

## ARGUMENT

The Fourth Amendment to the United States Constitution provides that individuals have the right to "be secure in their persons, houses papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Any individual who, under color of state law, deprives another of a right guaranteed by the Constitution is liable to that person pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1983 (2007). To establish liability under § 1983, a plaintiff must prove that "(1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon [her] by a person or persons acting under color of state law." *Chavez v. Illinois State Police*, 251 F.3d 612, 628 (7th Cir. 2007); *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Jordan's Amended Complaint fails to state a § 1983 claim against Officer Blaszczyk for violation of Jordan's or Turner's Fourth Amendment rights because under the facts, as plead, Officer Blaszczyk did not search or seize Jordan or Turner, and any alleged improper conduct on the part of Officer Blaszczyk.

### I. OFFICER BLASZCZYK DID NOT SEARCH PLAINTIFFS AND DID NOT SEARCH A PROTECTED AREA

"The first inquiry in every section § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). For purposes of the Fourth Amendment, '[a] 'search' is the invasion of a sphere in which society recognizes reasonable expectations privacy." *United States v. Concepcion*, 942 F.2d 1170, 1171-72 (7th Cir. 1991) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (setting forth the

4

meaning of a "search" in the context of a Fourth Amendment, § 1983 claim). If there is an invasion into an area where society does not acknowledge that a reasonable expectation of privacy exists, there is no "search." *See Concepcion*, 942 F.2d at 1171-72.

It is well settled that tenants do not have a legitimate expectation of privacy for the common areas of their apartment buildings. *See United States v. Espinosa*, 256 F. 3d 718 (7th Cir. 2001) (stating that tenants lack a legitimate expectation to privacy in the common areas of a duplex). *See also, Conception*, 942 F.2d at 1171-72 (characterizing a tenant's expectation of privacy where there were five other tenants living in the building as "odd"); *United States v. Acevedo*, 627 F.2d 68, 69 (7th Cir. 1980) (acknowledging that observations made by law enforcement official from the common areas of multi-unit dwellings as not violating residents' Fourth Amendment rights).

Here, Officer Blaszczyk's alleged actions do not constitute a "search" within the meaning of the Fourth Amendment. Jordan's Amended Complaint alleges that Officer Blaszczyk's entered into the common area of their apartment building (a hallway), knocked on her front door and had a conversation with her and her minor son. Nowhere in the Amended Complaint does Jordan allege that Officer Blaszczyk entered into her apartment. Rather, the events recounted in the Amended Complaint all occurred outside Jordan's apartment, in the common hallway of the building. Because there is no expectation of privacy in the common area of apartment buildings and Jordan's Amended Complaint never alleges that Officer Blaszczyk's entered into Jordan's apartment, Jordan has failed to allege that that a "search" within the meaning of the Fourth Amendment occurred.[2] Accordingly, Jordan's Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed with prejudice.

## II. OFFICER BLASZCZYK DID NOT SEIZE PLAINTIFFS

---

[2] Similarly, Jordan's Amended Complaint did not allege that Officer Blaszczyk ever had any physical contact with Jordan or Turner and thus, no search of their persons could have occurred.

5

Likewise, Jordan's Amended Complaint makes clear that no "seizure" occurred within the meaning of the Fourth Amendment. "To state a Fourth Amendment cause of action plaintiff must prove that defendant's conduct constituted a 'seizure' and that the seizure was 'unreasonable.'" *Kernats v. O'Sullivan,* 35 F.3d 1171, 1177 (7th Cir. 1994) (citing *Donovan v. City of Milwaukee,* 17 F.3d 944, 948 (7th Cir. 1994)); *Leaf v. Shelnutt,* 400 F.3d 1070, 1089 (7th Cir. 2005); *Zoch v. City of Chicago,* No. 94 C 4788, 1997 WL 89231, at 34 (N.D.Ill., 1997). For Fourth Amendment purposes a "seizure" of the person occurs when an officer, "by means of physical force or show of authority . . . in some way restrain[s] the liberty of a citizen . . . " *Acevedo v. Canterbury,* 457 F.3d 721, 724 (7th Cir. 2006) (quoting *Terry v. Ohio,* 392 U.S. 1, 16 (1968)). *See Zoch,* 1997 WL 89231, at 34.

Jordan's Amended Complaint does not allege a seizure occurred because it never alleges or implies that either Jordan's or Turner's movement was ever terminated or restrained. To the contrary, the facts plead in the Amended Complaint make clear that Jordan was well aware of her rights and that she and her minor son retreated into their home at the time of their choosing without any interference from Officer Blaszczyk or any other officer. Specifically, the Amended Complaint alleges that Officer Blaszczyk instructed Turner to "get his green pants and green shirt on because he was going to jail right now," called Jordan a "lying bitch" and that told her that he was "going to drag her down the stairs." (Amnd. Compl. ¶¶17, 19.) (internal quotations omitted). However, the Amended Complaint makes clear that Jordan and Turner's movement was not restricted. In fact, what the Amended Complaint shows is that both Jordan and Turner quickly rejected these alleged instructions, informed Officer Blaszczyk that Turner "would not leave the home," and abruptly retreated into their home, all without interference from Officer Blaszczyk. *Id.* Because Jordan failed to plead any facts that directly allege or plausibly suggest that her or her son's movements were terminated or restrained by Officer Blaszczyk, she has failed to allege a "seizure"

6

in the context of the Fourth Amendment. Accordingly, Jordan's Amended Complaint must be dismissed.

Moreover, not every interaction between an officer and a citizen constitutes a "seizure." *See e.g., United States v. Mendenhall*, 446 U.S. 544, 552-54 (1980) (citing *Terry v. Ohio*, 392 U.S. 1, 19 (1968)); *United States v. Rigali*, 515 F.Supp. 1000, 1003 (D.C. Ill., 1981). Police officers are at liberty to address questions to citizens and the citizens addressed have an equal right to ignore the officer and walk away. *Mendenhall*, 446 U.S. at 552-54; *Rigali*, 515 F.Supp. at 1003. The Amended Complaint demonstrates the exercise of these liberties, not a constitutional violation.

### III. FOUL AND DEROGATORY LANGUAGE DOES NOT VIOLATE THE CONSTITUTION.

As disgraceful and offensive as discriminatory comments may be, it is well settled that they cannot alone form the basis of a § 1983 claim. *See Chavez v. Illinois State Police*, 251 F.3d 612, 628 (7th Cir. 2007) ("While racially insensitive remarks by law enforcement personnel certainly cannot be approved, such comments do not by themselves violate Federal Constitution."); *DeWalt v. Carter*, 224 F3d 607 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1259 (7th Cir. 1984) ("derogatory references to racial or ethnic backgrounds by themselves obviously do not rise to the level of a deprivation of constitutional rights"). Although Jordan's Amended Complaint alleges facts which tend to show a lack of professionalism, it does not allege a violation of any right guaranteed by the Unites States Constitution.

### IV. OFFICER BLASZCZYK IS QUALIFIEDLY IMMUNE FROM THIS LAWSUIT.

Under the doctrine of qualified immunity, "public officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (*citations omitted*). In determining whether

qualified immunity applies, courts consider (1) whether the plaintiff has asserted a violation of a federal constitutional right, and (2) whether the constitutional standards implicated were clearly established at the time in question. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In *Saucier*, the Supreme Court instructed that this inquiry be undertaken in light of the specific context of the case, not as a broad general proposition. *Id.*.

The first inquiry is whether Jordan has asserted a violation of a constitutional right. Plaintiffs' Amended Complaint demonstrates that no search or seizure occurred in this incident. Moreover, the law is clear that offensive or derogatory language alone does not violate the constitution. Accordingly, there is no need for further inquiry. If, however, this Court finds Plaintiff has successfully invoked a constitutionally protected interest, the question is whether the constitutional standard implicated was clearly established.

Undertaking the qualified immunity analysis with the appropriate level of specificity advised by *Saucier*, it cannot be said that Plaintiffs' rights were clearly established at the time Officer Blaszczyk allegedly engaged in the conduct complained of in the Amended Complaint. As such, Officer Blaszczyk is entitled to immunity because "[i]f judges [ ] disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Wilson v. Layne*, 526 U.S. 603, 618 (1999).

## CONCLUSION

Because Jordan's Amended Complaint fails to allege facts sufficient to establish a Constitutional Violation, the Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendant requests that this court dismiss Jordan's Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED: August 11, 2008

                                      Respectfully submitted,


                                      /s/ Christopher A. Wallace
                                      Assistant Corporation Counsel
                                      *Attorney for Defendant Officer James Blaszczyk*


                                      Christopher A. Wallace
                                      Assistant Corporation Counsel
                                      City of Chicago Department of Law
                                      30 N. LaSalle St., Ste. 1400
                                      Chicago, IL 60602
                                      ARDC # 6278655


## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on August 11, 2008, I caused a copy of the foregoing Motion to be served upon counsel for Plaintiff via the Court's ECF filing system.


                                      /s/ Christopher Wallace
                                      Christopher Wallace