UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| LAWANDA JORDAN, individually, and as mother and next of kin of PAUL TURNER, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER JAMES BLASZCZYK, STAR #18816, <br><br> Defendant. | Case No. 08 CV 2043 <br><br> Judge Blanche Manning <br><br> Magistrate Judge Mason |

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

The Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor (hereinafter referred to as "JORDAN"), moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file a second amended complaint. In support of this motion, the Plaintiffs state:

1. On April 10, 2008, the Plaintiffs filed their complaint against certain police officers whose identities were unknown.

2. After further investigation, the Plaintiff's ascertained the identity of Officer James Blaszczyk and on May 23, 2008, they filed their amended complaint against him.

3. On August 5 and August 11, 2008, the Defendant, BLASZCZYK, filed his motion to dismiss the Plaintiffs' amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4. Instead of subjecting this Court to briefs on the Defendant's motion, the Plaintiffs believe that it is more economically prudent to submit a second amended complaint which addresses the claimed pleading deficiencies delineated in the Defendant's motion.

5. For this Court's convenience, a true and correct copy of the second amended complaint is attached as **"Exhibit A"**.

WHEREFORE, the Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor, request that this Court grant their motion and enter an order granting them leave to file their second amended complaint instanter and that the Defendant be given appropriate time to answer or otherwise plead to the second amended complaint. Assuming this Court grants the Plaintiffs' motion, the Defendant's motion to dismiss would be rendered moot and there would be no necessity to further brief that motion. The Plaintiffs request that this Court also award them such other relief as this Court deems appropriate.

Respectfully submitted,

s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
55 W. Wacker Drive, St. 950
Chicago, Illinois 60601
(312) 621-0008

Attorney for the Plaintiffs,
LAWANDA JORDAN, individually and
as mother and next of kin of
PAUL TURNER, a minor

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| LAWANDA JORDAN, individually, and as mother and next of kin of PAUL TURNER, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER JAMES BLASZCZYK, STAR #18816, <br><br> Defendant. | Case No. 08 CV 2043 <br><br> Judge Blanche Manning <br><br> Magistrate Judge Mason |

## SECOND AMENDED COMPLAINT

The Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor (hereinafter referred to as "JORDAN"), and for their complaint against the Defendant, OFFICER JAMES BLASZCZYK (Star #18816) (hereinafter referred to as "BLASZCZYK"), state:

1. This action is brought for damages sustained by JORDON and TURNER by reason of BLASZCZYK's violation of their civil rights under 42 U.S.C. Section 1983, as amended by the Civil Rights Act of 1991.

2. JORDAN is a citizen of the United States and is a resident of the Northern District of Illinois.

3. TURNER is a citizen of the United States and is a resident of the Northern District of Illinois.

4. BLASZCZYK is now, and at all times relevant hereto, was duly appointed, employed and acting as a police officer for the City of Chicago, County of Cook,

Municipal Corporation and a governmental subdivision of the State of Illinois. At all times relevant hereto, BLASZCZYK was a police officer assigned to the Eighth District at 63rd and St. Louis in the City of Chicago and a resident of the City of Chicago and the County of Cook.

5. This Court has jurisdiction pursuant to 28 U.S.C. Section 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b) since BLASZCZYK resides in this judicial district and a substantial part of the events giving rise to JORDAN and TURNER's claims occurred in this district.

7. Each and all acts of BLASZCZYK alleged herein was done by him, not as an individual, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago and the County of Cook and under the authority of his office as a police officer for said city and county.

8. On December 11, 2007, at approximately 7:00 p.m., JORDAN returned to her home at 5429 South Kilborn, 2nd Floor, Chicago, Illinois. At the time, JORDAN was living there with her son, TURNER, her daughter, Princess, and her niece, Marzetta Roach.

9. At all times relevant hereto, 5429 South Kilborn was a 2-story apartment building having one (1) apartment on the first floor where the landlord lived and one (1) apartment on the second floor where the Plaintiffs lived.

10. In order to gain entrance in this building, a visitor would have to have either the landlord or JORDAN open the security door and then another door which had a peephole so that either JORDAN or the landlord could see who came to the door.

2

11. There are two (2) bells on the front of the building for any visitor to ring either for JORDAN or the landlord.

12. TURNER went to school on December 11, 2007 and returned home at approximately 2:45 p.m.

13. At approximately 12:15 a.m. on December 12, 2007, various police officers, including BLASZCZYK, came to the apartment building. BLASZCZYK then rang the landlord's bell.

14. The landlord opened the door with the peephole and then opened the security door in front of it.

15. BLASZCZYK then stated "Do you have any niggers in the building?" and indicated that he was looking for a young black male since they were investigating a shooting that allegedly occurred thirty-five (35) blocks from where JORDAN and TURNER lived.

16. The landlord indicated that there was a black family living upstairs.

17. BLASZCZYK then pushed the landlord and he and the other police officers immediately went upstairs without a warrant.

18. The officers, including BLASZCZYK, started pounding on JORDAN's front door and telling her to open the door.

19. JORDON then came to the door, unlocked the bottom lock of the door and the officers attempted to come into the apartment but, initially, could not because JORDAN kept her foot on the bottom of the door and the chain lock of the door was still set. The police officers then indicated that they wanted to come into the apartment. The

police officers then ordered her to remove her foot from the door and remove the chain lock so they could come in to the apartment.

20. In fear, JORDAN removed the top lock and opened the door.

21. BLASZCZYK and other officers then proceeded into her apartment.

22. BLASZCZYK then asked JORDAN where her son was and she replied that he was sleeping. BLASZCZYK then replied that the "black bitch is lying".

23. Marzetta Roach then went to TURNER's bedroom and woke him up. As TURNER came to the front of the apartment where the officers were located, BLASZCZYK asked him about his whereabouts on December 11, 2007.

24. TURNER told him that he was at school and when he returned home, he stayed inside the house and did not go out for the rest of the day.

25. BLASZCZYK told TURNER, "Don't get cute with me, boy. Where have you been?" JORDAN told BLASZCZYK, "His name is not "boy", his name is Paul."

26. BLASZCZYK called TURNER a liar and attempted to physically remove TURNER from the apartment. As he approached TURNER, BLASZCZYK told him to get his green pants and green shirt on because he was going to jail for murder.

27. Before BLASZCZYK could remove TURNER from the apartment, JORDAN interceded and asked him why the police were there in the first place and did he have an arrest warrant?

28. BLASZCZYK responded that JORDAN could bring her "mother fucking ass" down to the police station if she wanted any answers.

4

29. TURNER then reiterated to the police officers that he had not committed
any crime and he came immediately home from school. JORDAN then also indicated that TURNER was not going to leave the home until the police produced an arrest warrant.

30. BLASZCZYK then called JORDAN "a lying bitch" and told her that he was going to drag her and TURNER down the stairs and to the police station.

31. When BLASZCZYK attempted to physically remove TURNER and JORDAN from the apartment, JORDAN told them "you will need a warrant to speak to me or my son, Paul, any further."

32. BLASZCZYK then stopped his attempt to physically remove both TURNER and JORDAN and related "Oh, you want a warrant, you can rest assured that I will be back with a warrant for his arrest because he is going to jail for murder.

33. One of the officers then brought in an unknown male Hispanic to the entrance to TURNER's apartment and told him to identify TURNER as the individual who committed the murder.

34. Despite the officer's instructions to this individual, he told that officer that the person involved in the murder was an older teenager and TURNER was not the person and repeatedly said that TURNER was not the person.

35. The unknown male Hispanic was then physically grabbed by the police and taken from the entrance to JORDAN's apartment and taken out of the building.

36. BLASZCZYK then told TURNER and JORDAN that they were coming back with a warrant for TURNER's arrest for murder and that neither JORDAN nor

TURNER should leave the building because they were going to be back shortly with that warrant.

37. The officers then proceeded to leave JORDAN's apartment and proceed down the stairway to leave the building. TURNER and JORDAN followed them down the stairs. JORDAN then asked several officers as they were leaving the building for their names and badge numbers but these officers ignored her. Moreover, BLASZCZYK covered his badge number and name in response to JORDAN's inquiry.

38. Based on BLASZCZYK's comments, neither TURNER nor JORDAN left the apartment that day because of fear of being retaliated by BLASZCZYK and the other police officers.

39. At no time while JORDAN and TURNER were in the presence of BLASZCZYK did they resist cooperating or exert any type of force against BLASZCZYK.

40. As a direct and proximate result of BLASZCZYK's conduct, JORDAN and TURNER suffered great pain and anguish and will so suffer injuries and JORDAN was impaired in her capacity to earn.

41. The conduct of BLASZCZYK deprived JORDAN and TURNER of their rights, privileges and immunities secured to them by the Constitution of the United States, including their right to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the Constitution of the United States.

42.  The acts, conduct and behavior of BLASZCZYK were performed knowingly, intentionally and maliciously by reason of which JORDAN and TURNER are entitled to damages under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiffs, LAWANDA JORDAN, individually and as mother and next of kin of PAUL TURNER, a minor, request that this Court enter judgment in their favor and against the Defendant, JAMES BLASZCZYK as follows:

a.  Awarding them compensatory damages in an amount in excess of $75,000.00;

b.  Awarding them punitive damages in an amount to be determined at trial;

c.  Awarding them costs, including attorney's fees incurred in connection with this action; and

d.  Awarding them such other relief as this Court may deem appropriate.

THE PLAINTIFFS DEMAND TRIAL BY JURY.


                                        Respectfully submitted,


                                        ___s/ Joel F. Handler_____
                                        JOEL F. HANDLER (#1115812)
                                        55 W. Wacker Drive, St. 950
                                        Chicago, Illinois  60601
                                        (312) 621-0008

                                        Attorney for the Plaintiffs,
                                        LAWANDA JORDAN, individually and
                                        as mother and next of kin of
                                        PAUL TURNER, a minor